FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 26 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANSELMO GOMEZ,

                     Petitioner,

- against -

UNITED STATES OF AMERICA,

                     Respondent.

------------------------------------------------------------X

**MEMORANDUM AND ORDER**

11-CV-6348 (SLT)

**TOWNES, District Judge:**[1]

In a memorandum and order signed on May 18, 2016, and entered on May 23, 2016 (the "Prior M&O"), the Court denied a motion by Anselmo Gomez ("Movant") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, ruling that Movant's earlier waiver of his right to appeal or collaterally challenge his conviction was enforceable. Though he does not dispute this ruling, Movant now moves for reconsideration of the Prior M&O pursuant to Rules 59(e) and 60(b)(1) of the Federal Rules of Civil Procedure, raising an entirely new challenge to his conviction. Because he does not point to controlling facts or law that were overlooked in the Prior M&O and because reconsideration motions are not vehicles for presenting new arguments, Movant's motion for reconsideration is denied.

## BACKGROUND

On September 5, 2008, Movant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(a). (Plea Agreement, ECF No. 9-2). As part of the Plea Agreement, Movant agreed "not to

---

[1] The Court gratefully acknowledges the assistance of a student intern, Bruce Pettig of Columbia Law School, in the preparation of this memorandum and order.

file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision," his conviction or sentence in the event that the Court "imposed a term of imprisonment of 121 months or below." (*Id.* at ¶ 4.). The Plea Agreement included a nonbinding estimate of Movant's federal sentencing guidelines ("Guidelines") range based on a Base Offense Level of 30, which carries a sentencing range of 97 to 121 months. (*Id.* at ¶ 2). The Government promised to move the Court for a one-level reduction, if movant pled guilty, resulting in an adjusted offense level of 29, which carries a sentencing range of 87 to 108 months. (*Id.*). As the Court explained at length in the Prior M&O, Movant understood that these estimates were not binding upon the Government, the Probation Department or the Court.

In its Presentence Investigation Report ("PSR"), the Probation Department determined that Movant's Base Offense Level was higher than estimated. Plaintiff's new Base Offense Level, after accounting for the Government's promised one-level reduction and several other factors, was 40 and carried a sentencing range of 292 to 365 months. (Sentencing Transcript, 15-16, ECF No. 9-3). Nonetheless, the Government did not advocate for a sentence within that range (*Id.* at 12-13), and the Court imposed a 121-month sentence. (*Id.* at 16). In spite of the waiver contained in his Plea Agreement, Movant appealed to the Second Circuit, which dismissed his case, *United States v. Gomez*, No. 10-557, slip op. at 1 (2d Cir. Jan. 20, 2011), and to the Supreme Court, which denied certiorari, 564 U.S. 1028 (2011).

In December 2011, Movant, proceeding *pro se*, filed a § 2255 motion. (Movant Mot. Pursuant 28 U.S.C. § 2255, ECF No. 1). Although Movant acknowledged that he had knowingly and voluntarily entered into an agreement not to challenge a sentence of 121 months or less, he argued that the waiver was unenforceable because his trial attorney provided ineffective assistance of counsel. He also argued that the Court violated *Booker* by failing to properly

calculate his Guidelines range. He did not argue that the Government breached the Plea Agreement.

In denying Movant's § 2255 motion in the Prior M&O, the Court found that he had not established ineffective assistance of counsel, that his waiver of his right to appeal or collaterally challenge his conviction was enforceable, and that his § 2255 motion was, therefore, barred. The Court also noted that, even if the motion were not barred, it would not find that a *Booker* violation had occurred. *Gomez v. United States*, No. 11-CV-6348 (SLT), 2016 WL 3003210, at *6 (E.D.N.Y May 23, 2016).

Movant now seeks reconsideration of the Prior M&O under Rules 59(e) and 60(b)(1) of the Federal Rules of Civil Procedure. In this new motion, Movant does not take issue with the Court's waiver analysis, but effectively advances an entirely new ground for relief. He primarily relies upon the Second Circuit's decision in *United States v. Palladino*, 347 F.3d 29 (2d. Cir. 2003), for the proposition that a prosecutor cannot estimate one sentencing range for the purposes of inducing a defendant to sign a plea agreement and then later advocate for another, higher, range based upon facts known to the government from the outset. Applying *Palladino* to his case, Movant argues that the Government breached the Plea Agreement because it estimated a sentencing range of 87 to 108 months but knew of the facts which ultimately led to the imposition of a 121-month sentence. He argues that he is entitled to "specific performance" of the Plea Agreement, and requests that his sentence be reduced to 87 to 108 months.

## DISCUSSION

The standard for Rule 59(e) and Rule 60(b) motions is largely the same. See *Maalouf v. Salomon Smith Barney, Inc.*, No. 02 Civ. 4770 (SAS), 2004 WL 2782876, at *1 (S.D.N.Y. Dec. 3, 2004). In general, "[t]he standard for granting... [reconsideration] is strict, and reconsideration

will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Additionally, "[r]econsideration motions cannot be used to... present new arguments that could have been raised earlier." *United States v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977); *see also Westport Ins. Corp. v. Goldberger & Dubin, P.C.*, 255 F. App'x 593, 595 (2d Cir. 2007) (summary order).

In the instant motion, Movant has not pointed to controlling facts or law that were overlooked in the Prior M&O. *See Shrader*, 70 F.3d at 257. The case on which he primarily relies, *Palladino*, addresses breaches of plea agreements. It has nothing to do with the issues which formed the basis for deciding the Prior M&O: waiver, ineffective assistance of counsel, and *Booker*. It is instead used to advance the argument that the Government in this case breached the Plea Agreement. Because this is an entirely new ground that could have been raised in the original § 2255 motion, it cannot be raised upon this motion for reconsideration. *See Cirami*, 563 F.2d at 33.

Since the instant motion for reconsideration raises a new ground for habeas relief, the Court could construe it as a second or successive habeas petition and transfer it to the Second Circuit Court of Appeals for possible certification. *See Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004). In this case, however, it would be futile to do so because (1) *Palladino* is inapposite and (2) Movant remains bound by the waiver in the Plea Agreement.

In *Palladino*, the Government warranted in the plea agreement that "[b]ased on information known to the [United States Attorney's Office] at this time, the Office estimates the likely adjusted offense level under the Sentencing Guidelines to be level 10." *Id.* at 31, 34.

4

Thereafter, the PSR issued by the Probation Department "raised the possibility" of a six-point enhancement. *Id.* at 31. This prompted the Government to turn over more evidence—the existence of which was known to it before execution of the plea agreement—to the Probation Department and to argue before the district court in favor of enhancement based upon that evidence. *Id.* The court imposed an enhanced sentence. *Id.*

Vacating the conviction on appeal, the *Palladino* court found it critical that the "language of the agreement specifically stated that the Government's estimate was 'based on information known to the [Government] at [the time of the plea].'" *Id.* at 34 (brackets in original). As the Second Circuit later observed, "[t]here can be no doubt that *Palladino* considered this phrase critical." *United States v. MacPherson*, 590 F.3d 215, 220 (2d Cir. 2009).

Here, unlike in *Palladino*, the Plea Agreement did not state that the sentencing estimate was "based on information known to the [U.S. Attorney's Office]." Here, unlike in *Palladino*, the Government made no efforts to introduce new evidence to the Probation Department in contravention of its contractual representations to Movant. Here, unlike in *Palladino*, the Government did not seek a sentence enhancement and in fact continued to advocate for a sentence within the range estimated in the Plea Agreement. Finally, here, unlike in *Palladino*, the sentence was actually within the estimated range even though the Probation Department calculated a much higher Guidelines range.

Even if Movant did have a meritorious argument under *Palladino*, transfer would still be inappropriate. His second and successive petition would be barred by the waiver clause in his Plea Agreement, as was his initial § 2255 motion.

## CONCLUSION

For the reasons set forth above, Movant's motion pursuant to Rules 59(e) and 60(b) is denied.

**SO ORDERED.**

/s/ *Sandra L. Townes*
SANDRA L. TOWNES
United States District Court

Dated: July 21, 2016
Brooklyn, New York